UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDREW T. WHITCOMB,

                Plaintiff,

v.                                             Case No. 16-cv-1000-pp-wed

DR. JEFFREY MANLOVE, *et al.*,

                Defendants.

**ORDER ADOPTING MAGISTRATE JUDGE DUFFIN'S RECOMMENDATION (DKT. NO. 38), DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (DKT. NO. 21), DENYING PLAINTIFF'S MOTION TO PRODUCE DOCUMENTS (DKT. NO. 40) AND EXTENDING DEADLINE FOR COMPLETING DISCOVERY**

Plaintiff Andrew T. Whitcomb has alleged that the defendants were deliberately indifferent to his injured knee. Dkt. No. 25 at 2-5. On January 14, 2019, the court referred his case to U.S. Magistrate Judge William Duffin to handle pretrial matters. Dkt. No. 26. Before the court had issued its order allowing the plaintiff to proceed on his Eighth Amendment claims, he had filed filed a motion for a preliminary injunction, asking the court to issue an order to address "the all around lack of proper medical care" he claimed he was experiencing in prison. Dkt. No. 21. Judge Duffin reviewed the motion, the defendants' response, and the plaintiff's reply, and recommended that this court deny the motion. Dkt. No. 38. Neither party objected to the report and recommendation.

Under 28 U.S.C. §636(b)(1)(A), magistrate judges may not issue final decisions on motions for preliminary injunctions. Instead, they must issue their findings as recommendations to the district court. 28 U.S.C. §636(b)(1)(C). The district court must conduct a *de novo* review of any part of the recommendation to which a party objects. Fed. R. Civ. P. 72(b)93). If no party objects, the court reviews the magistrate judge's recommendation for clear error. Fed. R. Civ. P. 72(a); Johnson v. Zema Systems Corp., 170 F.3d 734, 739 (7th Cir. 1999). The court reviews Judge Duffin's report for clear error.

In his motion, the plaintiff claimed that the defendants had continued to delay in providing him medical treatment, refused to provide him with proper and adequate pain medication and had taken away his wheelchair; he alleged an "all around lack of proper medical care" for pain that had lasted almost ten months and was on-going. Dkt. No. 21. He alleged that the defendants had not gotten him to see a specialist. Id. He asserted that by the time the court received the motion, "it will still be going on," and asked the court to stop the defendants from denying him proper care and delaying his treatment. Id. The plaintiff provided more details of what had gone on with his treatment between December 2018 and January 2, 2019. Dkt. No. 22. He also provided an affidavit from another inmate, describing the events surrounding the plaintiff's knee injury. Dkt. No. 24.

The defendants provided evidence (a sworn declaration from defendant Dr. Jeffrey Manlove) that as of February 4, 2019, the plaintiff received medical care from prison staff and outside health care providers on more than fifty

2

occasions since March 2018. Dkt. No. 32 at ¶13. The plaintiff filed a responsive declaration, confirming much of what Dr. Manlove had said, but disputing the kind of treatment Manlove is giving him and the speed with which he receives it. Dkt. No. 34.

To obtain preliminary injunctive relief, whether through an injunction or a temporary restraining order, a plaintiff must show that (1) his underlying case has a reasonable likelihood of success on the merits, (2) he has no adequate remedy at law and (3) he will suffer irreparable harm without the injunction. Wood v. Buss, 496 F.3d 620, 622 (7th Cir. 2007). As Judge Duffin noted in his report, a preliminary injunction is an "extraordinary" form of relief "that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Dkt. No. 38 (quoting Winter v. Natural Res. Def. Council, 555 U.S. 7, 22 (2008)). Under the Prison Litigation Reform Act, if a court grants injunctive relief, that relief must be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." Id. (quoting 28 U.S.C. §3626(a)(1)(A)).

Judge Duffin found that the plaintiff had not shown that he has a reasonable likelihood of success on the merits of his Eighth Amendment claim. Id. at 3-4. Judge Duffin noted that it takes more than a plaintiff's disagreement with a doctor's judgment to prove that a doctor is deliberately indifferent to a plaintiff's serious medical need. Id. at 3. The court agrees with Judge Duffin that in order to succeed on his deliberate indifference claim, the plaintiff will

need to show more than the fact that he disagrees with the medical judgments Manlove and other defendants have made. But more to the point, this court finds that the plaintiff has not demonstrated that he will suffer irreparable harm if the court does not grant his request for injunctive relief. The plaintiff agrees that he has been receiving treatment. The defendants have not been ignoring him. Dr. Manlove attested that he has offered the plaintiff pain medications other than the Tylenol he receives; he opines that non-steroidal anti-inflammatories would give the plaintiff better relief, but that the plaintiff refuses to take them because he is worried that they will cause GI bleeding. Dkt. No. 32 at ¶¶9-12. Manlove indicates that the plaintiff is at increased risk for such bleeding, but not because of the medication; his increased risk is due to his "propensity for swallowing foreign objects (pen ink cartridges, razors, etc.)." Id. at ¶12. Manlove also reports that the plaintiff is housed in the Restrictive Housing Unit—he gets his meals in his cell, and has a wheelchair restriction if he needs to go further than 100 feet, and he has a knee brace for minimal walking (although Manlove points out that he has witnessed the plaintiff "foregoing" the use of the knee brace). Id. at ¶15-16. While the plaintiff asserts that his leg is going to be "permanently messed up forever and if it gets any worse the possibility that it may be so messed up as to be irreparable is better and better with time," dkt. no. 22 at 2, Manlove says that the plaintiff had an orthopedics consult as recently as January 10, 2019, dkt. no. 32 at ¶17. That appointment resulted in a recommendation that the plaintiff have an updated MRI, wear his knee brace and engage in no high-impact activity. Id.

4

Judge Duffin did not commit clear error in concluding that the plaintiff had not met the requirements for issuance of a preliminary injunction, and the court will adopt his recommendation and deny the motion.

On March 21, 2019, Judge Duffin issued a scheduling order. Dkt. No. 39. The order required the parties to complete discovery by July 30, 2019. Id. at 1. On April 29, 2019, the plaintiff filed a "Motion to Produce Documents." Dkt. No. 40. It contains a list of items the plaintiff says that he needs to start his discovery: written health service requests, doctors' or nurses' notes, medical records, hospital records and other information. The defendants respond that the plaintiff hasn't served these requests on the defendants, as required by Judge Duffin's scheduling order and the Federal Rules of Civil Procedure. Dkt. No. 42.

The court will deny the motion to produce documents. Judge Duffin's April 2, 2019 scheduling order stated that "parties must serve discovery requests and responses—depositions, interrogatories, requests for documents or tangible things, and requests for admission—*on the opposing party, and must not file them with the court* unless and until a party wishes to use them to support a motion or other pleading . . . ." Dkt. No. 39 at 2. (Emphasis added.) The order went on to say, "The plaintiff must mail these discovery requests and responses directly to counsel for the defendant(s)." Id. at 3. The plaintiff appears to have ignored this part of Judge Duffin's order and filed his discovery request with the court.

5

The court will extend the discovery deadline, so that the plaintiff can do what the court told him to do in the first place—send his discovery requests to the lawyer for the defendants. He should send his requests to Assistant Attorney General Katherine D. Spitz, Wisconsin Department of Justice, P.O. Box 7857, Madison, WI 53707-7857. The court also encourages the plaintiff to provide the defendant's attorney with a timeframe for the records he is requesting; from his complaint, it would appear that he likely is looking for his medical records for the period November 10, 2015 through the date he filed his complaint, July 29, 2016.

The court **ADOPTS** Judge Duffin's recommendation that the court deny the plaintiff's motion for a preliminary injunction. Dkt. No. 38.

The court **DENIES** the plaintiff's motion for a preliminary injunction. Dkt. No. 21.

The court **DENIES** the plaintiff's motion to produce documents. Dkt. No. 40.

The court **ORDERS** that the deadlines for the parties to complete discovery is **EXTENDED** to **Friday, October 18, 2019**.

The court **ORDERS** that the deadline for the parties to file dispositive motions is **EXTENDED** to **Friday, November 22, 2019**.

Dated in Milwaukee, Wisconsin, this 29th day of July, 2019.

BY THE COURT:

_____
HON. PAMELA PEPPER
**United States District Judge**